**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**UNITED STATES OF AMERICA**,

*Plaintiff*,

v. Case No. 2:26-cr-20037-BCL

**GRANGER**,

*Defendant*.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation, entered September 11, 2026. Doc. 38. The Report recommends that Defendant's Motion to Suppress (Doc. 31) be denied. Doc. 37 at 14. Plaintiff filed timely objections to the Magistrate Judge's recommendation. Doc. 43. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (Doc. 43) and **ADOPTS** the Report and Recommendation. Doc. 38. Therefore, Defendants' Motion to Suppress (Doc. 31) is **DENIED**.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). "Within 14 days after being served with a copy of

the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations"; "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (district court not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made). "The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

## ANALYSIS

Defendant makes three objections to the Report and Recommendation: one objection to the proposed findings of fact and two closely related objections to the proposed conclusions of law.

**1.** With respect to the proposed findings of fact, Defendant "objects to any indication that T.T. [the Victim] did not know that he was being transported to the scene in order to make an identification of the robbery suspect." Doc. 43. Defendant bases this objection on the fact that Defendant "was the only person on the street besides law enforcement and was in the process of being questioned by USPIS Gregory Newberry" when "T.T. and USPIS Green arrived at the scene" of the crime. Doc. 43 at 2. This objection is **OVERRULED** as moot because the Magistrate Judge's Report never states nor even implies that T.T. "did not know he was being transported to the scene in order to make an identification of the robbery suspect." In fact, the Report makes clear that T.T. "was told that he was going to the scene and was asked to see if there was anyone he recognized." Doc. 37 at 10-11; *see id.* at 9 (recounting testimony to that effect).

**2.** Defendant objects to the Magistrate Judge's recommendation that the show-up identification procedure was not unduly suggestive, offering in support several indistinctly defined

and haphazardly ordered arguments—most of which concern not whether the lineup was unduly suggestive, but rather the follow-on question of whether (if it was) it violated due process because of a "substantial likelihood of irreparable misidentification." *Halyim v. Mitchell*, 492 F.3d 680, 704 (6th Cir. 2007). *See* Doc. 43 at 2-3. Defendant agrees that the Magistrate Judge properly looked to the multi-factor test set forth in *Neil v. Biggers*, which considers the "totality of the circumstances," including:

> [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation.

*Neil v. Biggers*, 409 U.S. 188, 199–200 (1972).

To the extent the Court can discern them, Defendant makes three arguments challenging the Magistrate Judge's recommendation concerning the constitutionality of the show-up. *First*, Defendant suggests that the Magistrate Judge improperly analyzed the first factor because the robbery "lasted only about 1-2 minutes, which is hardly enough time for T.T. to view the suspect with any level of certainty that is reliable." Doc. 43 at 3. Defendant's apparently categorical time-limit rule is inconsistent with the totality-of-the-circumstances test; indeed, the Supreme Court has "held admissible an in-court identification by a witness who had a fleeting but 'real good look' at his assailant in the headlights of a passing car." *Id.* at 197 (discussing *Coleman v. Alabama*, 399 U.S. 1 (1970)). Here, T.T. had one to two minutes to observe Defendant during a face-to-face exchange, in broad daylight, while under the sort of threat that (as the Supreme Court has recognized) heightens the senses and thus makes proper identification more likely. *Id.* at 200. Those circumstances support, rather than undermine, the Magistrate Judge's recommendation that the show-up was not impermissibly suggestive.

*Second*, Defendant objects that the show-up was unnecessarily suggestive because law enforcement directed T.T.'s attention to Defendant. Doc. 43 at 3. To the extent Defendant is broadly relying on the fact that law enforcement arranged the show-up—in this instance, by driving T.T. back to the scene and asking him if he recognized anyone—his argument proves far too much, because law enforcement generally arranges show-ups, just as the police did in *Biggers*, 409 U.S. at 195 ("On August 17, the police called [the victim] to the station to view respondent, who was being detained on another charge."). And to the extent Defendant bases his argument on the fact that he was "the only person present other than law enforcement," Doc. 43 at 3, at the time of the show-up, his argument is inconsistent with those decisions holding a single-person show-up permissible, *see id.*, and particularly unpersuasive on the facts of this case, in which the show-up occurred not outside of a police station or jail but on a public street where (as the Magistrate Judge observed) someone (here, Defendant) speaking to law enforcement might well have been a witness or neighbor, and not a perpetrator. In any event, even if Defendant were to prevail on this argument, it does nothing to alter the bottom-line conclusion that there was no substantial risk of misidentification in the circumstances here—and thus no violation of the due process principles articulated by the Supreme Court.

*Third*, Defendant notes testimony which, read in isolaton, that the United States Postal Inspection Service rarely conducts show-ups. That testimony is of no moment: That a particular law enforcement agency does not often use show-ups does not establish that it *cannot* do so, nor that any particular show-up violates the constitution. And, on the circumstances here, the show-up did not violate the constitution.

For these reasons, Defendant's objection to the show-up is **OVERRULED**.

**3.** Defendant also argues that the photo lineup identification was tainted by the unduly suggestive show-up. Doc. 43 at 4. Having rejected Defendant's objections to the recommendation concerning the constitutionality of the show-up, the Court likewise **OVERRULES** the follow-on objection to the photo lineup, which occurred four hours later and for which Defendant makes no independent objection.

**CONCLUSION**

For the foregoing reasons, the Court hereby **ADOPTS** the Report and Recommendation. Doc. 38. Defendant's Motion to Suppress (Doc. 31) is **DENIED.**

**IT IS SO ORDERED**, this 6th day of October, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE